**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DUANE PORTER, KENNETH BLACK, | ) | |
| RONALD BOUIE, RICKY BROWN, | ) | |
| SAMUEL CLARK, FRANK CRADDIETH, | ) | |
| DONALD GAYLES, and STEVEN WILSON, | ) | |
| on their own behalf and on behalf of a class | ) | |
| of all others who are similarly situated, | ) | No. 12-cv-09844 |
| | ) | |
| *Plaintiffs,* | ) | Judge Ellis |
| | ) | Magistrate Judge Brown |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PIPEFITTERS ASSOCIATION | ) | |
| LOCAL UNION 597, | ) | |
| | ) | |
| *Defendant.* | ) | |

<u>**JOINT STATUS REPORT**</u>

Pursuant to the Court's standing order on transferred cases, the parties present the following Joint Status Report:

1.    **Nature of the Case**

       A.    **Attorneys of Record**

Plaintiff's Counsel:

Wesley E. Johnson
Adam B. Goodman
GOODMAN TOVROV HARDY & JOHNSON LLC
105 W. Madison St., Ste. 1500
Chicago, IL 60602
(312) 752-4828 (WJ)
(312) 264-2535 (fax)
wjohnson@wesleyjohnsonlaw.com
adam@thegoodmanlawoffices.com

Jamie S. Franklin, ARDC No. 6242916
THE FRANKLIN LAW FIRM LLC
53 W. Jackson Blvd., Ste. 803
Chicago, IL 60604
(312) 662-1008

(312) 662-1015 (fax)
jsf@thefranklinlawfirm.com

Defendant's Counsel:

Tom H. Luetkemeyer
Aimee E. Delaney
HINSHAW & CULBERTSON LLP
222 N. LaSalle St., Ste. 300
Chicago, IL 60601
312-704-3000
312-704-3001
tluetkemeyer@hinshawlaw.com
adelaney@hinshawlaw.com

Dennis R. Johnson
Joseph E. Mallon
JOHNSON & KROL, LLC
300 S. Wacker Dr., Ste. 1313
Chicago, IL 60606
312-372-8587
312-255-0449
johnson@johnsonkrol.com
mallon@johnsonkrol.com

**B.     Basis for Federal Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**C.     Nature of Claims and Counterclaims**

The named plaintiffs, Duane Porter, Kenneth Black, Ronald Bouie, Ricky Brown, Samuel
Clark, Frank Craddieth, Donald Gayles, and Steve Wilson, bring this case as a putative class
action against defendant Pipefitters Association Local Union 597 for race discrimination and
retaliation in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §
2000e, *et seq.*; Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981; and Section 301
of the Labor Management Relations Act of 1947, 28 U.S.C. § 185(a). They allege that Local 597
has discriminated against them both intentionally and by way of disparate impact on account of
their race by denying them work through the union's Hiring Hall (which was in place until
December 31, 2005) and its Referral Hall (which has been in place since January 1, 2006),
resulting in lost wages, retirement benefits, health and welfare benefits, and promotions.

The plaintiffs' Complaint originally named both their union, Pipefitters Association
Local UA 597 ("Local 597") and the Mechanical Contractors Association of Chicago ("MCAC")
as defendants in this matter. Local 597 and the MCAC are parties to a collective bargaining

2

agreement. Defendant Local 597 denies the plaintiffs' allegations and denies that class certification is appropriate. There are no counterclaims.

### D.    Relief Sought by Plaintiffs

The plaintiffs seek an order declaring that Local 597 violated Title VII, Section 1981, and the LMRA; an order enjoining future violations by Local 597; injunctive relief sufficient to eliminate race discrimination by Local 597, including with respect to job referrals and any other policies and practices that were deemed discriminatory and which are the subject of the Complaint; payment of all costs of implementing such injunctive relief; payment of the plaintiffs' and putative class members lost past and future wages and bonuses (including overtime), pension benefits, health and welfare benefits, and any other income and/or monetary or monetized benefits of employment that they would have been entitled to absent the discrimination; all other compensatory and consequential damages proven by the plaintiffs and putative class members; punitive damages sufficient to punish Local 597 for its alleged years of discrimination and to deter future discriminatory conduct; payment of the plaintiffs' and putative class members' attorneys' fees and all costs of litigation (including any expert witness fees); pre- and post-judgment interest; and all other and relief, whether legal or equitable, that may be found appropriate.

### E.    Parties Not Yet Served

All parties have been served.

## 2.    Pending Motions and Case Plan

### A.    Pending Motions

There are no pending motions.

### B.    Status of Discovery

Because the parties were until recently briefing initial motions to dismiss, the Court has not yet entered a discovery schedule. Judge Darrah had instructed the parties to prepare a draft discovery plan to be submitted by October 31, 2013, but the case was transferred to this Court before such a plan could be prepared.

### C.    Substantive Rulings

On October 11, 2013, the Court granted the MCAC's motion to dismiss in its entirety, granted Local 597's Motion to Dismiss Count VI (which asserted a claim for conspiracy in conjunction with the MCAC pursuant to 42 U.S.C. 1985(3)), and granted both defendants' Motion to Strike paragraphs 19-90 and Exhibit D of the Complaint. As a result of these rulings, the MCA was dismissed from the case. The plaintiffs elected to stand on their complaint, which Local 597 has already answered (with the exception of the allegations that were stricken and Count VI, which was the subject of its Motion to Dismiss).

**D.      Anticipated Motions**

The plaintiffs will file a motion for class certification at the conclusion of fact and expert discovery. Both parties intend to file motions for summary judgment on some or all of the claims after the issue of class certification has been resolved and discovery is complete.

**E.      Trial**

The plaintiffs have requested a jury trial. The parties estimate that the matter can be tried in ten trial days. The case will be ready for trial 90 days after all dispositive motions are ruled on. No pretrial order has been filed, and no pretrial order dates have been set.

**F.      Electronic Service**

Both parties agree to electronic service.

**G.      Referrals and Settlement**

There have been no referrals to a Magistrate Judge and no settlement discussions to date in this case. The parties do not consent to the referral of this case to a Magistrate Judge for all purposes.

Dated: November 12, 2013                                  Respectfully submitted,

                                                          /s/ Jamie S. Franklin
                                                          *For the plaintiffs*

                                                          and

                                                          /s/ Aimee E. Delaney
                                                          *For defendant Local 597*

Wesley E. Johnson
Adam B. Goodman
GOODMAN TOVROV HARDY & JOHNSON LLC
105 W. Madison St., Ste. 1500
Chicago, IL 60602
(312) 752-4828 (WJ)
(312) 264-2535 (fax)
wjohnson@wesleyjohnsonlaw.com
adam@thegoodmanlawoffices.com

Jamie S. Franklin, ARDC No. 6242916
THE FRANKLIN LAW FIRM LLC
53 W. Jackson Blvd., Ste. 803

Chicago, IL 60604
(312) 662-1008
(312) 662-1015 (fax)
jsf@thefranklinlawfirm.com

Tom H. Luetkemeyer
Aimee E. Delaney
HINSHAW & CULBERTSON LLP
222 N. LaSalle St., Ste. 300
Chicago, IL 60601
312-704-3000
312-704-3001
tluetkemeyer@hinshawlaw.com
adelaney@hinshawlaw.com

Dennis R. Johnson
Joseph E. Mallon
JOHNSON & KROL, LLC
300 S. Wacker Dr., Ste. 1313
Chicago, IL 60606
312-372-8587
312-255-0449
johnson@johnsonkrol.com
mallon@johnsonkrol.com