**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DUANE PORTER, KENNETH BLACK, RONALD BOUIE, RICKY BROWN, SAMUEL CLARK, FRANK CRADDIETH, DONALD GAYLES, STEVEN WILSON, AND JEFFREY PICKETT, on their own behalf and on behalf of a class of all others who are similarly situated, | ) ) ) ) ) ) ) ) ) | No. 12-cv-09844 |
| *Plaintiffs,* | ) ) | Judge Ellis Magistrate Judge Weisman |
| v. | ) ) | |
| PIPEFITTERS ASSOCIATION LOCAL UNION 597, | ) ) ) | |
| *Defendant.* | ) ) | |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**
**AND DIRECTING ISSUANCE OF NOTICE TO CLASS MEMBERS**

Plaintiffs and Defendant, Pipefitters Association Local Union 597 ("Local 597"), through their respective counsel, move this honorable Court for an order preliminarily approving the proposed Settlement Agreement in connection with the proposed settlement of all individual and class claims asserted in the above captioned action. The proposed Settlement Agreement is attached to this Motion as Exhibit 1. In support of this Motion, the Parties state as follows:

1. On December 10, 2012, eight African-American members of Pipefitters Association Local Union 597 ("Local 597"), Duane Porter, Kenneth Black, Ronald Bouie, Ricky Brown, Samuel Clark, Frank Craddieth, Donald Gayles, and Steven Wilson, filed this case as a class action. They alleged that Local 597 and a second defendant, the Mechanical Contractors Association of Chicago ("MCA") (later dismissed from the case), discriminated against them and a class of African-American union members by operating and/or negotiating and implementing

two hiring systems (the Hiring Hall and the Referral Hall) that disadvantaged African-American pipefitters with respect to their work hours and other benefits of employment.

2.     On September 20, 2016, the Court certified the case as a class action under F.R.C.P. 23(b)(3), named the eight plaintiffs as Class Representatives, and named the undersigned counsel as Class Counsel. Dkt. No. 109. The Rule 23(b)(3) Class consists of "All African American persons who were members of Local 597 at any time from November 14, 2003 to the present date."

3.     On May 8, 2017, the plaintiffs amended their complaint to add Jeffrey Pickett, a current member of Local 597, as a putative class representative. The plaintiffs then moved for certification of a Rule 23(b)(2) class for injunctive relief, which the Court certified on December 11, 2017, finding Mr. Pickett an adequate Class Representative for the Rule 23(b)(2) class. The Rule 23(b)(2) Class consists of "all African-American persons who are currently members of Local 597." Dkt. No. 134.

4.     On March 2, 2018, a Class Notice was issued by mail to all individuals identified as potential class members. The Notice required any individual wishing to opt out of the class to notify Class Counsel by May 4, 2018. A total of 15 individuals opted out of the class. A list of Opt-Outs is appended as Exhibit 2.

5.     On July 25, 2018, the Court entered an order on Local 597's motion for summary judgment. As the result of that order, the following claims advanced to trial: (a) race discrimination (disparate treatment) in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq*.; (b) race discrimination in violation of the Civil Rights Act of 1966, Section 1981; and (c) violation of the Labor Management Relations Act, 28 U.S.C. § 185(a), with respect to the implementation of the Referral Hall. Dkt. No. 159.

6.     The Parties engaged in extensive and comprehensive discovery for over six years, including taking many depositions and exchanging voluminous documents and data. The Parties also produced expert reports analyzing 11 1/2 years of data from Local 597. Through this exhaustive process, the Parties developed a thorough understanding of the facts and applicable law, which enabled them to assess the relative merits of the claims and defenses asserted by each side.

7.     The Parties have participated in mediated settlement negotiations since October 2018. These negotiations have been conducted at arm's length. Subject to the Court's review and approval, these efforts resulted in an agreement to settle this action prior to a trial on the merits, an opportunity for members of the Settlement Class to object to the settlement, and an evidentiary Fairness Hearing.

8.     The proposed Settlement Agreement is entered into by Class Counsel on behalf of the Named Plaintiffs and the Class and Local 597. After carefully considering the facts and applicable law, the uncertainty of continued litigation, the risk of an adverse decision on the merits, and as a result of having engaged in extensive arms-length negotiations, the Parties agree that it would be in their best interest to finally resolve all matters by entry of this Settlement Agreement. By entering into this Settlement Agreement, no Party makes any admission regarding any claims or potential claims or any defenses thereto.

9.     The Settlement Agreement Provides that Local 597 will pay a total of Three Million Dollars ($3,000,000) to resolve the claims of the Class, Class Representatives, and Class Counsel's fees and costs.

10.    Plaintiffs, by and through their attorneys, will provide for One Million Dollars ($1,000,000) in Attorneys' Fees and Costs be provided to Class Counsel to be deducted and paid

from the Settlement Payment. Class Counsel have incurred One Hundred Thousand Dollars ($100,000) in out-of-pocket costs and expenses to date and expect to incur a minimum of an additional Twenty-Five Thousand Dollars to Thirty Thousand Dollars ($25,000 - $30,000) to pay for administration of the settlement and the costs of a Claims Reviewer. Additionally, Class Counsel have incurred approximately One Million Two Hundred and Fifty Thousand Dollars ($1,250,000) in attorneys' fees to date. The attorneys' fees requested is within the range of class action contingency fee agreements and is more than a 25% reduction of the actual attorneys' fees and costs incurred by Class Counsel in this matter. Local 597 has stipulated that they will not dispute a fee request by Class Counsel that is equal to or less than One Million Dollars ($1,000,000).

11.     Within 21 days of the Funding Date, each of the Named Plaintiffs shall be paid $76,111 for all of their claims in this case. In addition, each of the Named Plaintiffs shall be paid an additional $35,000 as an incentive payment for serving as Class Representative. Each Named Plaintiff expended a great deal of time and effort on this case over a period of many years, including filing EEOC charges, filing this lawsuit, appearing for depositions, providing documents to Class Counsel, communicating and meeting with Class Counsel on a regular basis, and participating in settlement negotiations. If any Named Plaintiff is removed as a Named Plaintiff by the Court, he will not be entitled to the amounts set forth above and shall, instead, be treated as a member of the Settlement Class and shall be entitled to participate in the standard Claims Process.

12.     In the event that any portion of the Settlement Fund, including accrued interest, has not been distributed as required by this Order after a period of 120 days has elapsed from the date on which the settlement checks were mailed by the Settlement Administrator, then such

remaining amounts from the Settlement Fund shall be provided to the National Urban League. The National Urban League's mission is to help African Americans and others in underserved communities achieve their highest true social parity, economic self-reliance, power, and civil rights. The League promotes economic empowerment through education and job training, housing and community development, workforce development, entrepreneurship, health, and quality of life.

13.     Within 30 days of the Effective Date as defined in the proposed Order of Jurisdiction, Local 597 shall establish the Settlement Fund by depositing the Settlement Payment via wire transfer into an account held in trust and administered by Class Counsel as set forth in the paragraph below ("Funding Date"). This shall establish and constitute the Settlement Fund for the purpose of providing monetary awards to the Named Plaintiffs, Claimants, and Class Counsel.

14.     Local 597 also agrees to certain non-monetary relief, such as working to negotiate a change in the percentage of pipefitters hired from the Referral Hall and an increase of the fines to violators of the Referral Hall system; improved procedures for reporting, investigating, and resolving complaints of discrimination; additional leadership classes for African-American pipefitters; recruitment of African-Americans to these classes; reinstatement of class members' membership in Local 597; and additional personnel to assist with recruitment of African-Americans to Local 597's Apprenticeship Program and to aid in general compliance with the settlement, including quarterly reports to the Court and Class Counsel.

15.     Settlement Agreement also provides an opportunity for members of the Class to object to the settlement and an evidentiary Fairness Hearing. Upon preliminary approval of the Settlement Agreement, notice of the Settlement will be mailed to the Class Members via First

Class Mail using the addresses used in the mailing of the initial notice plus supplemental information from Local 597 concerning new individuals that were not class members at the time of the initial notice, but are now eligible to receive settlement funds.

16.     The Parties propose that this Court retain jurisdiction for 5 years to enforce the terms of the Settlement Agreement.

17.     The Parties anticipate that upon its entry by this Court, this Settlement Agreement shall be final and binding upon the Class, the Parties, their successors, and assigns and shall release all claims to the extent allowed under Rule 23. The Parties, by and through their respective undersigned counsel, have agreed to this Settlement Agreement on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court.

WHEREFORE, the Parties respectfully request that the Court enter an Order preliminarily approving the Settlement Agreement.

Dated: May 28, 2020                              Respectfully submitted,

For PLAINTIFFS and the CLASS

/s/ Randall D. Schmidt
Randall D. Schmidt
EDWIN F. MANDEL LEGAL AID CLINIC
OF THE UNIVERSITY OF CHICAGO
LAW SCHOOL
6020 South University Avenue
Chicago IL 60637
(773) 702-9611
(773) 702-2063 (fax)
randall_schmidt@law.uchicago.edu

/s/ Jamie S. Franklin
Jamie S. Franklin (6242916)
THE FRANKLIN LAW FIRM LLC
53 West Jackson Boulevard, Suite 803
Chicago IL 60604
(312) 662-1008
(312) 662-1015 (fax)

6

jsf@thefranklinlawfirm.com

/s/ Adam Goodman
/s/ Wesley Johnson
Adam Goodman (6229333)
Wesley Johnson
GOODMAN TOVROV
HARDY & JOHNSON LLC
105 West Madison Street, 15th Floor
Chicago IL 60602
(312) 238-9592 (AG)
agoodman@goodtov.com
wjohnson@goodtov.com


For PIPEFITTERS ASSOCIATION LOCAL
UNION 597

/s/ Tom H. Luetkemeyer
Tom H. Luetkemeyer
Aimee E. Delaney
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
tluetkemeyer@hinshawlaw.com
adelaney@hinshawlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that I had the foregoing document served on the individuals listed below via the Court's ECF System on May 28, 2020.

<u>/s/ Jamie S. Franklin</u>

Service List:

Tom H. Luetkemeyer
Aimee E. Delaney
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
tluetkemeyer@hinshawlaw.com
adelaney@hinshawlaw.com

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DUANE PORTER, KENNETH BLACK, RONALD BOUIE, RICKY BROWN, SAMUEL CLARK, FRANK CRADDIETH, DONALD GAYLES, STEVEN WILSON, AND JEFFREY PICKETT, on their own behalf and on behalf of a class of all others who are similarly situated, | ) ) ) ) ) ) ) ) No. 12-cv-09844 ) |
| *Plaintiffs*, | ) Judge Ellis ) Magistrate Judge Weisman |
| v. | ) ) |
| PIPEFITTERS ASSOCIATION LOCAL UNION 597, | ) ) ) |
| *Defendant*. | ) ) |

<u>**ORDER OF JURISDICTION AND SETTLEMENT AGREEMENT**</u>

**THE LITIGATION**

1.      On December 10, 2012, eight African-American members of Pipefitters Association Local Union 597 ("Local 597"), Duane Porter, Kenneth Black, Ronald Bouie, Ricky Brown, Samuel Clark, Frank Craddieth, Donald Gayles, and Steven Wilson, filed this case as a class action. They alleged that Local 597 and a second defendant, the Mechanical Contractors Association of Chicago ("MCA") (later dismissed from the case), discriminated against them and a class of African-American union members by implementing two hiring systems (the Hiring Hall and the Referral Hall) and other policies that disadvantaged African-American pipefitters with respect to their work hours and other benefits of employment.

2.      On September 20, 2016, the Court certified the case as a class action under F.R.C.P. 23(b)(3), named the eight plaintiffs as Class Representatives, and named the undersigned counsel

as Class Counsel. Dkt. No. 109. The Rule 23(b)(3) Class consists of "All African American persons who were members of Local 597 at any time from November 14, 2003 to the present date."

3.     On May 8, 2017, the plaintiffs amended their complaint to add Jeffrey Pickett, a current member of Local 597, as a putative class representative. The plaintiffs then moved for certification of a Rule 23(b)(2) class for injunctive relief, which the Court certified on December 11, 2017, finding Mr. Pickett an adequate Class Representative for the Rule 23(b)(2) class. The Rule 23(b)(2) Class consists of "all African-American persons who are currently members of Local 597." Dkt. No. 134.

4.     On March 2, 2018, a Class Notice was issued by mail to all individuals identified as potential class members. The Notice required any individual wishing to opt out of the class to notify Class Counsel by May 4, 2018. A total of 15 individuals opted out of the class. A list of Opt-Outs is appended as Exhibit A.

5.     On July 25, 2018, the Court entered an order on Local 597's motion for summary judgment. As the result of that order, the following claims advanced to trial: (a) race discrimination (disparate treatment) in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq*.; and intentional discrimination in violation of the Civil Rights Act of 1966, Section 1981 with respect to the enforcement of the Hiring Hall policy and conversion to the Referral Hall; and (b) violation of the Labor Management Relations Act, 28 U.S.C. § 185(a), with respect to the negotiation and adoption of the Referral Hall. Dkt. No. 159.

6.     The Parties engaged in extensive and comprehensive discovery for over six years, including taking many depositions and exchanging voluminous documents and data. The Parties also produced expert reports analyzing 11 1/2 years of data from Local 597. Through this

exhaustive process, the Parties developed a thorough understanding of the facts and applicable law, which enabled them to assess the relative merits of the claims and defenses asserted by each side.

7.      The Parties have participated in mediated settlement negotiations since October 2018. These negotiations have been conducted at arm's length. Subject to the Court's review and approval, these efforts resulted in an agreement to settle this action prior to a trial on the merits, an opportunity for members of the Settlement Class to object to the settlement, and an evidentiary Fairness Hearing.

8.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Order.

9.      The Parties enter into this Order to achieve the following goals: (a) to resolve all claims asserted in the Litigation; (b) to ensure that Settlement Class Members are fairly compensated for release of their claims; and (c) to ensure that effective mechanisms are in place to prevent discrimination against African-American pipefitters in the future.

10.      By entering into this Order, no Party makes any admission regarding any claims or potential claims or any defenses thereto.

11.      This Order fully and finally resolves any and all issues and claims arising out of this matter.

## DEFINITIONS

12.      In addition to the terms defined elsewhere in this Order, the following terms shall have the following meanings:

13.      "**Approval of Distribution**" means the date that the United States District Court for the Northern District of Illinois has approved the distribution of the Settlement Fund.

14.    "**Best Efforts**" means taking steps in good faith and reasonably designed to achieve compliance with specified objectives to which the best efforts are directed.

15.    "**Claimant**" means any member of the Settlement Class who timely submits a Claim Form.

16.    "**Claims Adjudicator**" means the person or entity chosen by the Parties and approved by the Court to determine the monetary awards to the Claimants as set out below.

17.    "**Class Claim Portion**" of the Settlement Fund means the portion of the Settlement Fund designated for Claimants.

18.    "**Class Counsel**" shall mean Randall Schmidt, Jamie Franklin, Wesley Johnson, and Adam Goodman.

19.    "**Defendant**" shall mean Local 597.

20.    The "**Effective Date**" of this Order means the date on which the time for filing an appeal from the Court's Final Approval of this Order has either expired without an appeal being filed, or if later, after any appeal has been fully resolved upholding the Order, at which time the Parties become bound to perform the obligations set forth in this Order, and the terms of this Order become binding on the Parties.

21.    "**Final Approval**" of the Order of Jurisdiction means the date when the United States District Court for the Northern District of Illinois has held a Fairness Hearing with regard to the settlement, has approved the settlement under Rule 23(e) of the Federal Rules of Civil Procedure, and has granted final approval of the Order.

22.    "**Funding Date**" means the date the Settlement Fund is established.

23.    The "**MCA**" shall mean the Mechanical Contractors Association.

24.     The "**Opt-Outs**" shall mean those individuals who opted out of the class after notice was issued in March 2018. A list of Opt-Outs is appended as Exhibit A.

25.     "**Parties**" shall mean all Named Plaintiffs and Local 597.

26.     "**Named Plaintiffs**" and/or "**Class Representatives**" shall mean Duane Porter, Kenneth Black, Ronald Bouie, Ricky Brown, Samuel Clark, Frank Craddieth, Donald Gayles, Steven Wilson, and Jeffrey Pickett.

27.     "**Preliminary Approval**" of the Order of Jurisdiction means the date when the United States District Court for the Northern District of Illinois has granted conditional approval of the proposed Order of Jurisdiction, subject to notice and a Fairness Hearing.

28.     The "**Rule 23(b)(3) Class**" shall mean all African-American persons who were members of Local 597 at any time from November 14, 2003 to the present date.

29.     The "**Rule 23(b)(2) Class**" shall mean all African-American persons who are currently members of Local 597.

30.     "**Settlement Administrator**" means the person or entity chosen by the Parties and approved by the Court to administer the settlement as set out below.

31.     "**Settlement Class**" shall mean the combined Rule 23(b)(3) Class and the Rule 23(b)(2) Class and "**Settlement Class Members**" shall mean the members of either class who did not earlier opt out of the class.

32.     "**Settlement Fund**" means the monetary fund set up for the purpose of providing monetary awards to the Named Plaintiffs, Claimants, and Class Counsel.

## PRIOR NOTICE, PRELIMINARY APPROVAL, NOTICE OF SETTLEMENT, FAIRNESS HEARING, AND FINAL APPROVAL OF SETTLEMENT

33.     <u>**Prior Notice to the Class and Opportunity to Opt Out**</u>: A Court-approved Notice of the pendency of the Rule 23(b)(3) Class and the Rule 23(b)(2) Class was provided to by mail to

all individuals identified as potential class members on or before March 2, 2018. The Notice required any individual wishing to opt out of the class to notify Class Counsel by May 4, 2018.

34.     A total of 15 individuals opted out of the class. A list of Opt-Outs is appended as Exhibit A.

35.     **Preliminary Approval:** Subject to approval by the Court, the Parties hereby agree to the following procedures and schedule for Notice to Class Members and submission of this Order of Jurisdiction for final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

36.     The Parties agree that they shall jointly file this Order of Jurisdiction with the Court with a motion seeking entry of a Preliminary Approval Order.

37.     The Court shall conduct a Preliminary Approval Hearing on a date and at a time set by the Court to hear evidence and argument regarding whether the Court should approve the compromise of the Litigation in the manner set forth herein. The Court shall reserve a reasonable amount of time to hear from any Class Representative who wishes to present his position on the merits of the proposed settlement.

38.     At the Preliminary Approval Hearing, the Parties agree to opine to the Court that the Order is fair, reasonable, and adequate to the Class as a whole, within the meaning of that phrase as contemplated by Rule 23(e) of the Federal Rules of Civil Procedure. Counsel of Record shall request prompt judicial approval of this Order as written. The Parties agree further to use their best efforts on a joint basis to obtain prompt entry of the Order. The Parties, through their respective counsel, also agree to recommend to the Court on a joint basis that, in their respective professional opinions, the Order is reasonable and appropriate, in the best interests of justice, that

the Parties have bargained for the terms in the Order, and that no section or subsection of this Order should be modified or stricken.

39. **Notice of Settlement to Settlement Class Members**. Within 21 days after entry of the Order of Preliminary Approval, the Settlement Administrator shall mail a Notice of Settlement, Claim Form, and Release (as described in Paragraph 46 below) via First Class Mail using the updated addresses obtained during the initial notice process to all Settlement Class Members in a form approved by the Court.

40. The Notice of Settlement shall: (a) state that there is a proposed settlement of the claims in the case; (b) describe the case, the terms of the settlement, and that the eligible members of the Settlement Class may submit a Claim Form in the claims process for monetary relief; (c) indicate that the Court will hold a hearing at which time the Court will consider the fairness, adequacy and reasonableness of the proposed settlement; and (d) indicate that Settlement Class Members may submit written comments or objections regarding the settlement or appear at the Fairness Hearing.

41. A copy of the Notice of Settlement to be reviewed and approved by the Court and is attached hereto as Exhibit B. A copy of the Claim Form and the Releases to be approved by the Court are attached as Exhibits C, D, and E.

42. **Fairness Hearing**. A Fairness Hearing to consider the overall fairness, reasonableness and adequacy of the proposed settlement shall be held on a date specified by the Court.

43. **Appearance by Settlement Class Members at Fairness Hearing**. Any Named Plaintiff and/or member of the Settlement Class may appear at the Fairness Hearing and be heard with respect to the overall fairness, reasonableness and adequacy of the proposed settlement.

Named Plaintiffs and Settlement Class Members who wish to object to this Order or any part of it may be heard at the Fairness Hearing only if:

    (a)    he or she files with this Court and serves on Class Counsel and Counsel for Local 597 a written statement of his or her objection;

    (b)    such statement is received by Class Counsel, Counsel for Local 597, and the Court 45 days prior to the Fairness Hearing for Named Plaintiffs and 30 days for Settlement Class Members; and

    (c)    such statement indicates whether the individual intends to appear at the Fairness Hearing.

44.    Such individuals may appear at the Fairness Hearing either in person or by counsel. Failure to perform any of these requirements shall be deemed a waiver of any comments or objections. The Parties may, but need not, respond in writing to comments or objections by filing a response with the Court prior to the Fairness Hearing.

45.    **<u>Final Approval</u>**. The Court will determine whether to enter an Order of Final Approval after the Fairness Hearing.

## RELEASE OF CLAIMS BY NAMED PLAINTIFFS AND SETTLEMENT CLASS

46.    Upon Final Approval of the Order, Local 597 and its current and former members, directors, officers, managers, agents, creditors, employees, attorneys, insurers, and for each of the foregoing, their respective parents, affiliates, subsidiaries, successors and assigns, shall be fully released and forever discharged from any and all individual and/or class-wide claims, demands, complaints, rights and causes of actions of any kind, known or unknown, by each Class Representative and each member of the Settlement Class who did not earlier opt out, including their heirs, assigns and estates, whether seeking monetary and/or equitable relief of any sort, which

arise out of or are related to the underlying operative facts in any Complaint or Amended Complaint filed by the Named Plaintiffs which were, or could have been asserted, all of which are released, extinguished and dismissed pursuant to this Order. This release is final and shall survive the expiration of the Order's term.

### EFFECT OF THIS ORDER OF JURISDICTION AND PARTIES' OBLIGATIONS

47.     Upon its entry by the Court following Final Approval, this Order of Jurisdiction shall constitute an Order of the Court and all of its provisions will become enforceable by the Parties in the manner set forth in this Order. The Parties agree that they shall not appeal from this Order.

48.     The Effective Date of this Order shall be the date on which the time for filing an appeal from the Court's Final Approval of this Order has either expired without an appeal being filed, or if later, after any appeal has been fully resolved upholding the Order, at which time the Parties become bound to perform the obligations set forth in this Order, and the terms of this Order become binding on the Parties.

49.     The Parties agree to make and undertake their best efforts on an on-going basis to effectuate, as well as to seek entry of this Order, or if applicable, to defend, this Order from any legal challenge by appeal, collateral attack, objection, or otherwise.

### FINDINGS

50.     Having carefully examined the terms and provisions of this Order, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

(a)     this Court has jurisdiction over the subject matter over the case and over the Parties.

(b)     the terms of this Order are adequate, fair, reasonable, equitable, and just. The rights of the Settlement Class, the Class Representatives, and the public interest are adequately protected by this Order.

(c)     this Order conforms to the Federal Rules of Civil Procedure, Title VII, Section 1981, and the Labor Management Relations Act and is not in derogation of the rights or privileges of any person. The Entry of this Order will further the objectives of Title VII, Section 1981, and the Labor Management Relations Act and will be in the best interests of the Named Plaintiffs, the Settlement Class, and the public.

(d)     The Parties have asserted in the Motion for Preliminary Approval that, based on their research, they have not been able to identify any precedent holding that the requirements of the Class Action Fairness Act (CAFA) would apply to this settlement given the initial filing of this matter in federal court, compliance with the requirements of Rule 23 and the unique facts and circumstances of this settlement.  The Court concurs and finds that the requirements of CAFA related to class settlements do not apply to the settlement of this dispute.

**NOW THEREFORE, IT IS ORDERED THAT:**

**MONETARY RELIEF**

51.    The total aggregate sum of Three Million Dollars ($3,000,000) ("Settlement Payment") shall be distributed to the Named Plaintiffs, the Settlement Class, and Class Counsel in accordance with the terms of this Order.

**ESTABLISHMENT OF SETTLEMENT FUND AND ALLOCATION**

52.    Within 30 days of the Effective Date, Local 597 shall establish the Settlement Fund by depositing the Settlement Payment via wire transfer into an account held in trust and

administered by Class Counsel as set forth in the paragraph below ("Funding Date"). This shall establish and constitute the Settlement Fund for the purpose of providing monetary awards to the Named Plaintiffs, Claimants, and Class Counsel.

53.     The Settlement Fund shall be an irrevocable trust under Illinois law and a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and shall be held at Fifth Third Bank and administered by Class Counsel under the Court's supervision.

54.     Any interest accrued by the Settlement Fund will be used to pay expenses associated with the administration of the Settlement Fund. Any interest in excess of the costs of administration shall be distributed to the Named Plaintiffs and Settlement Class in accordance to a distribution plan approved by the Court. Other than withdrawal of accrued interest to pay expenses associated with the administration of the Settlement Fund, all payments from this Settlement Fund shall go to the Named Plaintiffs, Settlement Class, and Class Counsel in accord with the distribution approved by the Court.

## PAYMENTS TO THE CLASS REPRESENTATIVES

55.     Within 14 days of the Funding Date, each of the Named Plaintiffs shall be paid $76,111 for all of their claims in this case. In addition, each of the Named Plaintiffs shall be paid an additional $35,000 as an incentive payment for serving as Class Representative.

56.     The Court finds that each Named Plaintiff expended a great deal of time and effort on this case over a period of many years, including filing EEOC charges, filing this lawsuit, appearing for depositions, providing documents to Class Counsel, communicating and meeting with Class Counsel on a regular basis, and participating in settlement negotiations. Because each Named Plaintiff participated actively in and exhibited a strong commitment to this case for many years, the Court finds that the awards described above are just and appropriate.

57.     If any Named Plaintiff is removed as a Named Plaintiff by the Court, he will not be entitled to the amounts set forth above and shall, instead, be treated as a member of the Settlement Class and shall be entitled to participate in the Claims Process as detailed below.

58.     The monetary awards to each Class Representative will constitute non-pecuniary compensatory damages.

## ATTORNEYS' FEES AND COSTS

59.     Class Counsel shall submit a Petition for their Attorneys' Fees and Costs of Litigation to the Court sufficiently in advance of the Fairness Hearing so that the Petition may be addressed and decided at the Fairness Hearing. Local 597 agrees not to contest any fee and cost petition submitted by Class Counsel up to one-third of the total Settlement Payment. The Court shall determine the attorneys' fees, as well as costs and expenses of Litigation, to be paid to Class Counsel out of the Settlement Fund.

60.     Within 14 days of the Funding Date, Class Counsel shall be paid the amount of attorneys' fees and costs approved by the Court out of the Settlement Fund.

61.     **Attorneys' Fees and Costs of Enforcing the Order of Jurisdiction**. In the event that any Party is found by the Court to be in material breach of its obligations under the Order of Jurisdiction, the prevailing Party shall be permitted to petition the Court for its reasonable attorneys' fees and costs incurred as a result of any enforcement action required to be taken in order to cure such breach.

## SETTLEMENT ADMINISTRATOR

62.     The parties have agreed to appoint First Class Inc. as the Settlement Administrator, subject to the approval of the Court.

63.     The Settlement Administrator shall: (a) verify addresses using the national change of address database and mail notices and forms relating to the settlement, claims forms, and claims notices; (b) receive communications from Settlement Class Members; (c) receive claims forms for the Settlement Fund; (d) transmit notifications of monetary awards; (e) issue checks to eligible Claimants from the Settlement Fund; (f) issue related tax documents; and (g) perform such other administrative tasks as may facilitate the claims process.

64.     Local 597 shall reasonably cooperate with the Settlement Administrator and Class Counsel in identifying and locating Settlement Class Members.

65.     Interest accrued by the Settlement Fund will be used to cover costs associated with the distribution of the above funds to Claimants. To the extent accrued interest does not cover these costs, all outstanding Settlement Administrator costs shall be paid by Local 597, including, without limitation, all costs associated with the creation of the Settlement Fund, all costs to be paid by the Settlement Administrator, and all costs related to the issuance and mailing of notices and checks in accordance with this Order.

## CLAIMS PROCESS

66.     Settlement Class Members who seek to recover monetary compensation must complete a Claim Form and sign a Release and cause them to be received by the Settlement Administrator within 30 days of the Fairness Hearing. The Claim Form and Release must be actually received by the Settlement Administrator on or before such date in order to be considered timely. It is the obligation of the Settlement Class Member to ensure receipt by the Settlement Administrator of the Claim Form and Release on or before the due date. All Claim Forms and Releases must be signed under penalty of perjury to be considered.

67. **Late Claims**. For Claim Forms and Releases received after the filing deadline, Class Counsel shall notify late-filing Settlement Class Members that their claims are untimely and that they are not eligible for any monetary award. Class Counsel may reverse the determination that a claim was not timely filed only if the Settlement Class Member proves that the untimeliness determination is erroneous.

68. **Claims of Deceased Persons**. Claims may be submitted on behalf of Claimants who have died provided that a legally-authorized representative of their estate, possessing appropriate documentation (letters testamentary, Small Estate Affidavit, or the equivalent), timely submits the required Claim Forms. Any claims paid to a deceased Claimant shall be made payable to the estate of the deceased Claimant.

69. The Settlement Administrator shall forward Claim Forms and supporting documentation to Class Counsel on a rolling basis.

## DETERMINATION OF CLAIMS

70. The Parties will agree on a Claims Adjudicator, subject to the approval of the Court.

71. Interest accrued by the Settlement Fund will be used to cover costs associated with compensation of the Claims Adjudicator. To the extent accrued interest does not cover these costs, all outstanding costs associated with compensation of the Claims Adjudicator hall be paid by Local 597.

72. Within 60 days of the deadline for receiving Claim Forms, the Claims Adjudicator shall make a determination as to whether the Claimants who filed timely claims are eligible to receive a monetary award and, if so, shall determine the amount of each monetary award.

73. In making such determinations, the Claims Adjudicator may consider whatever evidence he or she deems appropriate, including, but not limited to, information provided in

connection with the claims process provided by this Decree. If a Claim Form is determined to be incomplete, the Claims Adjudicator may request additional information from the Claimant, if it appears that such additional information would complete the Claim Form. The Claimant must provide the requested information, signed under penalty of perjury, to the Claims Adjudicator by mail with a postmark no later than 21 days from the date of the mailed request for information. The Claims Adjudicator may ask Local 597 to provide necessary information and data that has not already been provided to Class Counsel to make award determinations.

74.     Local 597 will respond to all reasonable requests by the Claims Adjudicator for information relating to the Claimants within 21 days of the receipt of the request, or as soon as practicable, by providing all responsive documents and information available to Local 597. The information requested of Local 597 pursuant to this Paragraph shall be limited to the Claimants' work hours, dates of employment, dates of union membership, and any other information that is reasonably available to Local 597 relating to the Claimants.

75.     The Claims Adjudicator will determine the amount of each Claimant's monetary award based on a point system developed by Class Counsel. This point system will take into account several factors, including: (i) dates of union membership, (ii) dates of employment with each contractor; (iii) duration of and reasons for periods of unemployment; (iv) pension points; and (v) a narrative provided by the Claimant. The point system shall be applied uniformly.

76.     The total points awarded to all Claimants will be aggregated, and each Claimant's proportionate share of the total points will be determined. The Claimants will then be allocated a commensurate proportion of the applicable Class Claims Portion.

77.     The Claims Adjudicator's determination of the amount of monetary relief to be received by the Claimants under this Decree shall be submitted to Class Counsel and approved by the Court. Local 597 will not participate in or object to the Claims Adjudicator's determinations.

### MOTION FOR APPROVAL OF DISTRIBUTION OF SETTLEMENT FUNDS

78.     Within 21 days of the determination of all claims, Class Counsel shall file a motion with the Court seeking Approval of the Distribution of the Settlement Fund among those eligible Claimants who have executed and timely returned their Claim Forms and the required Release. In connection with this motion, Class Counsel shall file a proposed settlement distribution list, which shall contain the redacted name and redacted proposed gross settlement amount for each eligible Claimant. A non-redacted list shall be submitted to the Court for *in camera* inspection and filed under seal.

79.     Local 597 will not challenge the proposed settlement distribution list.

80.     After appropriate review, in connection with which the Claims Adjudicator shall provide any information within his or her possession that the Court requests, the Court will enter an Order Approving the Distribution of the Settlement Funds and the distribution thereof pursuant to this Order.

### DISTRIBUTION OF SETTLEMENT FUND

81.     Within 7 days after the Court's Approval of Distribution of Settlement Funds, Class Counsel will send the Settlement Administrator the final settlement distribution list reflecting the names and distribution amounts for each Claimant who has returned a signed Release.

82.     Within 30 days of receipt of the final distribution list, the Settlement Administrator shall issue and mail checks to the eligible Claimants in the amount reflected in the final settlement

distribution list. The Settlement Administrator will issue an IRS Form 1099 to each Claimant reflecting the amount paid to that individual.

83.     The Court finds that the payments shall constitute compensation for non-pecuniary damages and shall not be subject to any payroll deductions. The Parties acknowledge that no party or its attorneys are making any representations regarding the taxability or non-taxability of the payments to Claimants.

84.     As directed by Class Counsel, the Settlement Administrator shall take further steps in a timely manner to reach those Claimants who did not receive and/or deposit their checks.

**SURPLUS FUNDS**

85.     In the event that any portion of the Settlement Fund, including accrued interest, has not been distributed as required by this Order after a period of 120 days has elapsed from the date on which the settlement checks were mailed by the Settlement Administrator, then such remaining amounts from the Settlement Fund shall be provided to the Chicago Urban League.

**INJUNCTIVE PROVISIONS**

86.     Local 597 will implement the following injunctive provisions as part of this Order and Settlement Agreement. Local 597 agrees to use its best efforts to implement these provisions as expeditiously as possible if not otherwise stated within the provisions below

87.     Local 597 will pay for the costs and expenses of implementing all injunctive provisions.

88.     **Referral Hall**: Local 597 will recommend to and negotiate in good faith and in accordance with obligations under the National Labor Relations Act, with the MCA to amend the current Referral Hall system outside the regular contract cycle. Local 597 will recommend and negotiate to increase Referral Hall hires from the current 25% of hires to 35% of hires.

89. **Fines**: Local 597 will recommend and negotiate with the MCA, in good faith and in accordance with obligations under the National Labor Relations Act, to double the fines it currently charges for violations of the Referral Hall/Direct Hire system. Currently, fines range from the monetary equivalent of one hour up to eight hours of a journeyman's base wage rate depending on the frequency of the violation.

90. **Complaint Process for Complaints of Discrimination in Hiring**: Local 597 will revise the existing complaint process regarding discrimination in hiring as follows:

A. Referral Hall Complaints –the following procedure will apply for handling and investigating all complaints, claims and allegations of discrimination that arise from the operation of the Referral Hall:

1. All members shall report any complaints, claims and allegations of discrimination that arise from the operation of the Referral Hall to any Union Officer or Business Agent.

2. Any Union Officer or Business Agent who becomes aware of any complaint and/or allegation of discrimination related to the operation of Referral Hall shall promptly notify the Financial Secretary/Treasurer ("FST") of the complaint and/or allegation.

3. The FST shall investigate each such complaint as follows:

(a) The FST will document the nature of the complaint, including the date and time of the alleged misconduct, the person(s) involved and the complainant's contact information.

(b) Conduct an initial review of the complaint to determine if any further action is required. If he/she determines in this initial review that no violation occurred and that no

further investigation is warranted then no further action will be taken and the member shall be so notified.

(c)     If after the initial review the FST determines that further investigation is required to determine whether a violation occurred he will, as appropriate, interview persons that may have knowledge of the facts and circumstances surrounding the complaint, including the complainant.

(d)     If the FST determines after the initial review or after further investigation that a violation occurred, he shall, in consultation with the Business Manager, take appropriate action to correct such violation. The FST will appropriately document whatever corrective action is taken.

4.     The FST will prepare a quarterly report to the Business Manager which details the complaints that were made, his findings and whatever corrective action was taken. This report will be provided to the Consultant, whose retention and role is set forth in Paragraph 99 below.

5.     Local 597 Referral Hall shall maintain all records, written or recorded statements, internal reports and other documents related to complaints and allegations of discrimination and/or harassment that arise from the operation of the Referral Hall for a period of no less than five (5) years.

B.     Workplace Complaints – the Union adopts the following procedure for handling and investigating all complaints, claims and allegations of discrimination and/or harassment that arise in the workplace, including contractor hiring:

1.     The Union will investigate all complaints of discrimination or harassment. Any such complaints should be made to the Business Agent assigned to the territory where

the violation occurred. Upon hearing of any complaint, the Business Agent should conduct an initial review of the facts and speak to the member and the employer in question. During this process, the Business Agent should try to informally resolve the complaint to the mutual satisfaction of the Member, the employer and the Union. If a mutually satisfactory resolution cannot be reached within a reasonable period of time, the Business Agent shall notify the Business Manager of the complaint and that an informal resolution could not be reached.

2.      The Business Manager shall then appoint a Senior Business Agent to investigate the complaint and if he deems it necessary, notify General Counsel for the Union to assist in the investigation. The Senior Business Agent shall:

(a)      Interview and, as appropriate, obtain written or recorded statements from any person(s) that may have knowledge of the facts and circumstances surrounding the complaint, including the complainant and representatives of the employer; and

(b)      Prepare a written report to the Business Manager that details all of the findings and facts revealed during the investigation.

(c)      After consideration of the report and the findings contained therein, the Business Manager shall make a determination whether there has been a violation of the applicable collective bargaining agreement.

(d)      If the Business Manager determines there has been a violation of the collective bargaining agreement, he shall direct the Senior Business Agent to pursue a grievance on behalf of the complainant in accordance with the procedures set forth in the collective bargaining agreement. Once the grievance has been adjudicated, the resolution shall be documented and become part of the member's file and the Union's records.

(e)     If the Business Manager determines that no violation of the collective bargaining agreement occurred, he shall advise the Senior Business Agent, who will communicate the decision to the complainant in writing and state that no further action will be taken with respect to the complaint.

3.     The Union shall maintain all records, written or recorded statements, internal reports and other documents related to complaints and allegations of discrimination and/or harassment that arise from the workplace for a period of no less than five (5) years. Any records of Complaints made under this policy will be provided to the Consultant, whose retention and role is set forth in Paragraph 99 below for the duration of this Order.

Local 597 will publicize this new process to members by posting the policy and procedure on its website via the member's portal.

91.     **Complaint Process for Complaints of Other Violations of this Order**: Local 597 will implement a process for complaints of violations of this Order, as follows: any complaint by a member concerning an alleged violation of this Order shall be submitted in writing to the Consultant selected pursuant to Paragraph 95 of this Order. The Consultant shall review and handle as he or she deems appropriate any complaint received. The Consultant shall disclose his or her findings to the complaining party, Local 597 and Class Counsel. Local 597 will publicize this new process to members through its newsletter and website for the duration of this Order.

92.     **Training**: Local 597 will add leadership skills classes at the Local 597 training facilities and via online learning for members seeking to develop skills relevant to being selected as foremen and superintendents, and Local 597 will take affirmative steps to publicize the class offerings to the Settlement Class Members and other African-American members of Local 597 through its newsletter and website for the duration of this Order. All such leadership skills classes

21

will be offered free of charge to all Settlement Class Members for a period of two years after the Effective Date of this Order.

93. **Recruitment of African-American members**: Local 597 will cause the Apprentice Program to hire an Admissions Director to be in charge of community outreach and positive recruiting for the Apprenticeship Program. This is a permanent position intended to increase the number of qualified African American applicants. The Admissions Director will have a human resources background and will assist the JATC in reviewing the applications for apprenticeship. The admissions director will also assist the JATC in reviewing and maintaining compliance with the goals of the affirmative action program

94. **Reinstatement**: Local 597 will allow any Settlement Class Member or Plaintiff whose membership has been terminated for nonpayment of dues to be reinstated to union membership immediately upon request by that member. Settlement Class Members or Named Plaintiffs who elect this program will have a total of two years from the entry of this Order to pay a Reinstatement Fee of $1250.00. They will not have to pay the fee out of pocket. No other fees, including fees or penalties levied in the past against the member, will be required to seek reinstatement. During the two-year program period, all amounts collected via the Wage Work Assessment from the member will be applied toward his or her Reinstatement Fee with the goal that the entire fee will be paid by the end of two years. At the end of the two-year program period, if any participant has a balance due, the Union will invoice that participant, who can elect to extend the program to continue paying the fee from his or her Wage Work Assessment or pay the remaining balance in a lump sum. Once a member is reinstated, the member remains obligated to pay the standard quarterly dues to remain active in Local 597. This Reinstatement Benefit will expire on the second anniversary of this Order.

95.   **Consultant**: Local 597 will select, with the input and approval of Class Counsel and approval by the Court, a Consultant to perform duties as described in this Order. Local 597 will fund the entire cost of the Consultant.

96.   **Duties of Consultant**: Among other duties as set forth in this Order, the Consultant will (a) monitor the operation of the Referral Hall and monitor Local 597's handling of discrimination complaints against contractors; (b) work with Local 597 to investigate complaints relating to race discrimination concerning the operation of the Referral Hall, contractor hires, and work hours; (c) oversee the changes to training and recruitment procedures described above; and (d) make or assist Local 597 in making the Quarterly Reports as required below.

97.   **Access to Information**. The Consultant will have reasonable access to all non-privileged relevant data, documents, and other sources of information, in whatever form they are maintained in the ordinary course of business by Local 597, to the extent that such access is necessary and appropriate to the exercise of his or her responsibilities.

98.   **Reporting Requirements**: Local 597, with the assistance of the Consultant, will prepare Quarterly Reports in the form of or similar to that attached as Exhibit F and submit them to the Court and Class Counsel as required by this Order during the time period that this Order is in place. Local 597 will report on the following:

(a)   all outreach efforts made by Local 597 with respect to increasing African-American participation in the Apprentice Program in the reporting period, including recruitment programs, advertising efforts, and other activities;

(b)   a summary of or data relating to number of jobs and average hours worked by African-American journeyman pipefitters during the reporting period;

(c)     a summary of or data relating to number of jobs and average hours worked during the reporting period by non-African-American journeyman pipefitters;

(d)     a summary of or data relating to the number of jobs and hours worked by journeymen for jobs assigned out of the Referral Hall, broken down by race and by contractor for the reporting period;

(e)     a summary of or data relating to the number of jobs and hours worked by journeymen for jobs worked as a result of direct hires, broken down by race and by contractor for the reporting period;

(f)     a summary of or data relating to the percentage of journeymen on the Out of Work List (OWL) broken down by race, and also identifying the average length of time spent on the OWL broken down by race for the reporting period;

(g)     all outreach efforts to publicize leadership skills classes to Settlement Class Members;

(h)     the number, nature, investigation, and disposition of all complaints of discrimination related to the operation of the Referral Hall, contractor hires, and work hours;

(i)     a summary of all fines levied pursuant to Paragraph 92 above.

## MISCELLANEOUS PROVISIONS

99.    **Counterparts**. This Order may be executed by the Parties in one or more counterparts each of which shall be deemed an original but all of which together shall constitute one and the same instrument. An executed copy shall be deemed an original. Electronic signatures will be considered originals.

100. **Binding Upon Successors**. The terms of this Order shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Local 597, and any successor(s) of Local 597 shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Local 597, or any successor of Local 597, prior to the effectiveness of any such acquisition or merger.

101. **Notices**. Any notices to be given to the Parties under this Order will be deemed sufficient if mailed by First Class Mail to:

Class Counsel:

Randall D. Schmidt
EDWIN F. MANDEL LEGAL AID CLINIC
OF THE UNIVERSITY OF CHICAGO LAW SCHOOL
6020 South University Avenue
Chicago IL 60637

Counsel for Local 597:

Tom H. Luetkemeyer
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601

102. **Entire Agreement**. This Order constitutes the entire agreement between the Parties hereto with respect to the matters herein, and it supersedes all negotiations, representations, comments, contracts and writings prior to the date of this Order.

103. **Interpretation and Severability**. Whenever possible, each provision and term of this Order shall be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event any provision or term of this Order should be determined to be or rendered invalid or unenforceable (by an Act of Congress or otherwise), all other provisions and terms of this Decree shall remain unaffected and in full force and effect to the extent permitted by law.

104.   **Modifications**. The Parties may jointly agree, in writing, to modify the Order with the approval of the Court.

105.   **Enforceability**. The Parties shall make a good faith effort to defend this Order from any legal challenge whether by appeal, collateral attack, or objection.

## DISPUTE RESOLUTION

106.   If during the term of this Order any party to this Order believes that the other party has failed to comply with any provision(s) of the Order, the complaining party shall notify the other Parties of the alleged non-compliance and shall afford the alleged non-complying party 14 days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 14 days, the complaining party may make a motion to the Court for appropriate relief.

## DURATION OF THE ORDER AND RETENTION OF JURISDICTION

107.   This Order shall be in effect until the later of 5 years after all money has been paid from the Settlement Fund, all disputes, if any, under Paragraph 109 have been resolved, and all other provisions of the Order, including all Injunctive Provisions, have been completed. The Court shall retain jurisdiction of the case for the purpose of enforcing any provision of the Order during that time period. The Union may petition the Court, in its discretion, to terminate this Order after it has been in effect for three years if it can show that it has substantially complied with this Order.

108.   At the end of the five-year time period, or earlier if the Union has petitioned the court as described in the paragraph above, the Court will hold a status hearing and hear from the Parties. The Court may, in its sole discretion, then either dismiss the case with prejudice or extend the duration of the Order and retention of jurisdiction for a longer period of time.

**ENTERED AND APPROVED FOR THE NAMED PLAINTIFFS AND CLASSES:**


/s/ Randall D. Schmidt
Randall D. Schmidt
EDWIN F. MANDEL LEGAL AID CLINIC
OF THE UNIVERSITY OF CHICAGO LAW SCHOOL
6020 South University Avenue
Chicago IL 60637
(773) 702-9611
(773) 702-2063 (fax)
randall_schmidt@law.uchicago.edu


/s/ Jamie S. Franklin
Jamie S. Franklin (6242916)
THE FRANKLIN LAW FIRM LLC
53 West Jackson Boulevard, Suite 803
Chicago IL 60604
(312) 662-1008
(312) 662-1015 (fax)
jsf@thefranklinlawfirm.com


/s/ Adam Goodman
/s/ Wesley Johnson
Adam Goodman (6229333)
Wesley Johnson
GOODMAN TOVROV
HARDY & JOHNSON LLC
105 West Madison Street, 15th Floor
Chicago IL 60602
(312) 238-9592 (AG)
agoodman@goodtov.com
wjohnson@goodtov.com

**ENTERED AND APPROVED**
**FOR PIPEFITTERS ASSOCIATION LOCAL UNION 597:**


/s/ Tom H. Luetkemeyer
Tom H. Luetkemeyer
Aimee E. Delaney
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
tluetkemeyer@hinshawlaw.com
adelaney@hinshawlaw.com

**ENTERED AND ORDERED**
**BY THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS:**


_____
United States District Court
Judge Sara L. Ellis


_____
Date

**<u>Exhibits</u>**

Exhibit A    Opt-Outs

Exhibit B    Notice of Settlement

Exhibit C    Claim Form

Exhibit D    Release for Class Members

Exhibit E    Release for Named Plaintiffs

Exhibit F    Form of Quarterly Report

# Exhibit A

**EXHIBIT A**

**<u>OPT-OUTS</u>**

|    | Last name | First name  |
|----|-----------|-------------|
| 1  | Best      | Will        |
| 2  | Best      | Roderick    |
| 3  | Farmer    | Quentin     |
| 4  | Hobson    | Richard     |
| 5  | Horton    | Raymond     |
| 6  | Mbuthia   | Anthony     |
| 7  | Rogers    | Alwaalee    |
| 8  | Rucker    | Brian M.    |
| 9  | Sanderlin | Todd        |
| 10 | Sellers   | Gerry       |
| 11 | Stephens  | David       |
| 12 | Thompson  | Andre       |
| 13 | Turner    | Charles     |
| 14 | Williams  | Christopher |
| 15 | Willis    | Marcus      |

# Exhibit B

***THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT***
***THIS IS NOT A SUMMONS OR AN ORDER TO COME TO COURT***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DUANE PORTER, KENNETH BLACK, | ) | |
| RONALD BOUIE, RICKY BROWN, | ) | |
| SAMUEL CLARK, FRANK CRADDIETH, | ) | |
| DONALD GAYLES, STEVEN WILSON, | ) | |
| AND JEFFREY PICKETT, | ) | |
| on their own behalf and on behalf of a class | ) | |
| of all others who are similarly situated, | ) | No. 12-cv-09844 |
| | ) | |
| *Plaintiffs,* | ) | Judge Ellis |
| | ) | Magistrate Judge Weisman |
| v. | ) | |
| | ) | |
| PIPEFITTERS ASSOCIATION | ) | |
| LOCAL UNION 597, | ) | |
| | ) | |
| *Defendant.* | ) | |

**NOTICE OF SETTLEMENT OF**
**DISCRIMINATION CLASS ACTION LAWSUIT**

This Notice is being sent to you, as ordered by the Court, to advise you of the preliminary approval of the settlement of an employment discrimination case against Pipefitters Association Local Union 597 ("Local 597").

In this case, *Porter v. Pipefitters,* No. 12-cv-09844, the Plaintiffs (Duane Porter, Kenneth Black, Ronald Bouie, Ricky Brown, Samuel Clark, Frank Craddieth, Donald Gayles, Steven Wilson, and Jeffrey Pickett) individually and on behalf of a class of African-American members and former members brought suit against Local 597. Plaintiffs alleged, among other things, that Local 597 violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*., Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the duty of fair representation under the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 158(b) by unlawfully discriminating against a class of African-American members through the enforcement and implementation of two hiring systems (the Hiring Hall and the Referral Hall) and other policies that disadvantaged African-American pipefitters with respect to their work hours and other benefits of employment.

1

**IF YOU ARE A CLASS MEMBER, YOU MUST NOW DECIDE WHAT ACTION YOU WILL TAKE IN RESPONSE TO THE PROPOSED SETTLEMENT OF THE CLASS ACTION.**

**Your legal rights are affected whether you act or do not act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM** | The only way to receive a payment. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Receive no payment. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice. The Court still has to decide whether to approve the settlement. If the settlement is approved, payments will be made after Claim Forms are reviewed and the Court approves the proposed payments.

2

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................ **4**
    1.   Why Have I Received This Notice? ........................................ 4
    2.   What Is This Lawsuit About? .............................................. 4
    3.   Why Is This Lawsuit A Class Action? ................................. 4
    4.   Why Is There A Settlement? ............................................... 5
    5.   Who Is In The Settlement? ................................................. 5
    6.   What Does the Settlement Provide? .................................... 5
    7.   What Can I Get From the Settlement? ................................. 6

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM**............. **6**
    8.   How Can I Get A Payment? ............................................... 6
    9.   When Would I Get My Payment? ....................................... 7

**THE LAWYERS REPRESENTING YOU** ........................................ **7**
    10.   Do I Have A Lawyer In This Case? ..................................... 7
    11.   How Will The Lawyers Be Paid? ........................................ 7

**OBJECTING TO THE SETTLEMENT** ........................................... **7**
    12.   How Do I Tell The Court That I Do Not Like The Settlement? ................... 7

**RESOLUTION OF CLAIMS** ........................................................ **8**
    13.   What Claims Have Been Resolved? ..................................... 8

**THE COURT'S FAIRNESS HEARING** .......................................... **9**
    14.   When And Where Will The Court Decide Whether To Approve The Settlement?...... 9
    15.   Do I Have To Come To The Hearing? ................................. 9
    16.   May I Speak At The Hearing? ............................................ 9

**IF YOU DO NOTHING** .............................................................. **9**
    17.   What Happens If I Do Nothing At All? ............................... 9

**GETTING MORE INFORMATION** ............................................. **11**
    18.   How Do I Get More Information? ....................................... 11

## BASIC INFORMATION

### 1.     Why Have I Received This Notice?

You have received this Notice because Local 597's personnel records show that you are African-American and you are or were a member of Local 597 at any time on or after November 13, 2003. This notice explains that you have legal rights and options that you may exercise now that a settlement has been proposed in this race discrimination case.

### 2.     What Is This Lawsuit About?

This lawsuit is about whether Local 597 discriminated against African-American pipefitters based on their race by discriminatorily enforcing the Hiring Hall system, implementing a discriminatory Referral Hall system, and enforcing or implementing Hiring Hall or Referral Hall policies in ways that disadvantaged African-American pipefitters with respect to their work hours and other benefits of employment.

The Plaintiffs originally filed this lawsuit on December 10, 2012, on behalf of themselves. On September 20, 2016, and December 11, 2017, the Court certified Plaintiffs' suit as a class action. On July 25, 2018, the Court entered summary judgement in favor of Local 597 with respect to the Plaintiffs' claim of disparate impact discrimination, but permitted three claims to proceed to trial: (1) intentional race discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) intentional race discrimination in violation of Section 1981 of the Civil Rights Act of 1866; and (3) breach of the duty of fair representation in violation of Labor Management Relations Act with respect to the implementation of the Referral Hall.

Plaintiffs claim that Local 597 engaged in intentional race discrimination in violation of Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866, and violated the Labor Management Relations Act, by its discriminatory enforcement of the Hiring Hall, and implementation of the discriminatory Referral Hall that allegedly disadvantaged African-American members with respect to their work hours and other benefits of employment.

Local 597 denies that it violated the law, including Section 1981, Title VII, and the Labor Management Relations Act.

The Court has not decided the case in either party's favor.

### 3.     Why Is This Lawsuit A Class Action?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. In this case, the Class Representatives are Duane Porter, Kenneth Black, Ronald Bouie, Ricky Brown, Samuel Clark, Frank Craddieth, Donald Gayles, Steven Wilson, and Jeffrey Pickett.

On September 20, 2016, the Court decided that the lawsuit meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court allowed, or "certified," this lawsuit as a class action because:

- there are a sufficient number of African-American individuals who are or were members

4

of Local 597 between November 14, 2003, and the present to form a Class;

- there are legal questions and facts that are common to each Class Member;

- the Class Representatives' claims are typical of the claims of the rest of the Class;

- the Class Representatives and the lawyers representing the Class will fairly and adequately represent the Class Members' interests;

- the common legal questions and facts in this case are more important than questions that affect only individuals; and

- this class action will be more efficient than having many individual lawsuits.

The Court certified a class defined as all current and former African-American members of Local 597 at any time on or after November 14, 2003.

**4.      Why Is There A Settlement?**
The Court did not decide in favor of Plaintiffs or Local 597. Plaintiffs and Local 597 negotiated to reach a proposed settlement rather than go to trial on this case. By agreeing to a settlement, the parties avoid the cost of a trial and the risks of an adverse decision involved in a trial; and the Class Members affected will receive compensation. Class Counsel believe the settlement is in the best interest of all of the members of the Class.

**5.      Who Is In The Settlement?**
The Class Representatives and individuals who are in the Class certified by the Court are covered by the settlement of this case. As stated in the answer to Question 3 above, the Class includes all current and former African-American members of Local 597 at any time on or after November 14, 2003.

# THE SETTLEMENT BENEFITS

**6.      What Does The Settlement Provide?**
The settlement provides that Local 597 will pay the aggregate sum of Three Million Dollars ($3,000,000) to settle this case. The $3,000,000 shall be distributed to the Class Representatives, the Class Members, and Class Counsel. Class Counsel will apply for a payment of One Million Dollars ($1,000,000) to be distributed to the nine Class Representatives, so that each receives Thirty-Five Thousand Dollars ($35,000) as an incentive payment for the time and effort given to assist the litigation and Seventy-Six Thousand, One Hundred and Eleven Dollars and Eleven Cents ($76,111.11) as payment for the resolution of the representative's claims against Local 597. One Million Dollars ($1,000,000) will be distributed to the members of the class according to a point system developed by a Class Administrator, as discussed below in answer to Question 7. Class Counsel will receive up to One Million Dollars ($1,000,000) in payment to them of their reasonable attorneys' fees and costs in pursuing this litigation on behalf of the Class Representatives and the Class.

In addition to the monetary relief, the settlement provides for non-monetary relief, including the following provisions:

- Local 597 will negotiate with the Mechanical Contractors Association (MCA) to increase Referral Hall hires from 25% to 35% of hires.
- Local 597 will negotiate with the MCA to double fines associated with a contractor's violating the Referral Hall/Direct Hire system.
- Local 597 will improve its current procedure for reporting, investigating, and resolving all complaints of discrimination in hiring, including through the Referral Hall and on the job.
- Local 597 will add leadership skill classes at its training facilities and through its online training platforms, promote these classes to class members and African-American members, and provide the classes to class members free of charge for a period of two years after [EFFECTIVE DATE OF SETTLEMENT]
- Local 597 will cause the Apprentice Program to hire an Admissions Director in charge of community outreach, with the goal of recruiting more qualified African-Americans to the Apprentice program.
- Local 597 will allow any class member whose membership has been terminated due to the nonpayment of dues to be reinstated immediately upon request by that member, who will have two years after reinstatement to pay a Reinstatement Fee of $1250. The member will not have to pay this fee out of pocket; instead, the members Wage Work Assessment will be directed toward paying the balance of this fee.
- Local 597 will hire a consultant to aid it in compliance with these provisions of the settlement, including (1) monitoring operations of Referral Hall, (2) investigating complaints of discrimination in hiring, (3) overseeing changes to training and recruitment, and (4) creating quarterly reports to be submitted to the Court and Class Counsel including information relevant to Local 597's success or failure complying with the provisions of the settlement.

### 7.    What Can I Get From The Settlement?

You may be eligible to get a payment from the settlement for the harm you believe you suffered as a result of Local 597's allegedly discriminatory operation of the Hiring Hall and allegedly discriminatory implementation and operation of the Referral Hall. A Class Administrator shall determine the amount of each monetary award based on a point system developed by Class Counsel and presented to the Court for approval. This point system will take into account several factors, including your length of time as a member of the union in good standing, the length of time you were looking for work, the number of hours you worked, and the number of pension points you have accrued.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

### 8.    How Can I Get A Payment?

**This will be your only notice for purposes of the proposed settlement and you WILL NOT receive another notice.**

**If you want to participate in the settlement and not object, you must submit your claim form**

and the signed release by [INSERT date], 2020. If you do not do so, your claim will not be timely and will not be accepted.

If you choose to object, you must do so by [INSERT date], 2020 for your objection to be considered at the Fairness Hearing.

To receive a payment from the settlement fund the enclosed Claim Form and an executed release (also enclosed) **must be received** by First Class, Inc. on or before _____ __, 2020, to be considered timely. You should mail the form to:

> First Class, Inc.
> Attn: *Porter v. Pipefitters* Settlement Administrator
> 5410 W. Roosevelt Rd.
> Unit 222
> Chicago, IL 60644

**It is your obligation to make sure First Class, Inc. receives your Claim Form and the release before the due date.** All Claim Forms must be signed under penalty of perjury to be considered.

**9.      When Would I Get My Payment?**

If you are determined to be eligible for settlement payment, you will receive a check after the Court reviews all of the proposed payments to Class Members. This process may take some time. The parties expect that payments will occur sometime during mid-2020.

## THE LAWYERS REPRESENTING YOU

**10.      Do I Have A Lawyer In This Case?**

When the Court certified this case as a class action, the Court decided that Jamie Franklin of The Franklin Law Firm, LLC, Wesley Johnson and Adam Goodman of Goodman Tovrov Hardy & Johnson, LLC., and Randall D. Schmidt of the University of Chicago Law School ("Class Counsel") are qualified to represent you and all Class Members.

**11.      How Will The Lawyers Be Paid?**

The settlement provides that Class Counsel will receive up to One Million Dollars ($1,000,000) in payment to them of their reasonable attorneys' fees and costs in pursuing this litigation on behalf of the Class Representatives and the Class. The Court will be asked to approve the attorneys' fees and costs at the Fairness Hearing described on page 8 in the answer to Question 14.

## OBJECTING TO THE SETTLEMENT

**12.      How Do I Tell The Court That I Do Not Like The Settlement?**

You can tell the Court that you do not agree with the settlement or some part of it by "objecting" to the settlement. You must give reasons why you think the Court should not approve the settlement or why you do not like the settlement or some part of it. The Court will consider your views. To object, you must send a letter stating that you object to the settlement in *Porter v. Pipefitters*, Case No. 12-cv-09844. The letter must include your name, address, telephone number,

signature, and the reasons you object to the settlement. Mail identical copies of the objection to all three of the following addresses:

**CLERK OF THE COURT:**
United States District Court
for the Northern District of Illinois
219 S. Dearborn Street
20th Floor
Chicago, IL 60604

**CLASS COUNSEL:**
Jamie Franklin
The Franklin Law Firm, LLC.
50 West Jackson Boulevard,
Suite 803
Chicago, IL 60603

**DEFENDANT'S COUNSEL:**
Tom H. Luetkemeyer
Aimee E. Delaney
Hinshaw & Culbertson, LLC
151 N. Franklin St., Suite 2500
Chicago, IL 60606

Your objection <u>must be received</u> at the three addresses above on or before _____, 2020. **This will be your only notice for purposes of the proposed settlement and you WILL NOT receive another notice. If you choose to object, you must do so by [INSERT date], 2020 for your objection to be considered at the Fairness Hearing.**

## RESOLUTION OF CLAIMS

### 13.    What Claims Have Been Resolved?

Because you did not opt out of the Class Action, this settlement represents the resolution of your claims including, but not limited to, all causes of action that you asserted or could have asserted based upon the race discrimination claims in the Litigation. Specifically resolved by this settlement are any and all race discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and 42 U.S.C. §1981 ("Section 1981"), and violations of the duty of fair representation under the Labor Management Relations Act arising from any disparate treatment caused by the Hiring Hall, the Referral Hall, or other policies in effect from November 14, 2003, through the date of Preliminary Approval, [INSERT EXACT DATE]. Because these claims have been resolved, you may not seek any further resolution or remedy related to these claims, whether you seek monetary damages, injunctive, declaratory or equitable relief, or costs and attorneys' fees, whether arising under Title VII, Section 1981, or under any other federal, state, local or common laws, or regulations relating to the same facts that form the basis of a disparate treatment claim. However, this settlement does not include or cover any claims that may arise after the court issues its final decision approving the proposed settlement.

This Notice of Settlement of Discrimination Class Action Lawsuit also constitutes your right to at least twenty-one (21) days to consider whether to sign the release and the Claim Form. Please note that completing the Claim Form and signing the release are both necessary to receive your payment. You have the right to rescind your signature on the release pursuant to the Illinois Workplace Transparency Act, 820 ILCS 96/1, *et seq.* ; however, if you rescind, you still are bound by the settlement under federal and state law applicable to class actions as you did not previously

opt out of the settlement.

## THE COURT'S FAIRNESS HEARING

**14.     When And Where Will The Court Decide Whether To Approve The Settlement?**
The Court will hold a hearing at which it will consider the fairness, adequacy, and reasonableness of the proposed settlement (the "Fairness Hearing"). This hearing will be held on _____, 2020, at _____.m. in Room _____, 219 S. Dearborn Street, Chicago, Illinois 60604. If there are objections, the Court will consider them. The Court will listen to Class Members who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. The Court will also rule upon the Class Counsel's request for attorneys' fees and costs. We do not know how long after the Fairness Hearing the Court will issue its decision.

**15.     Do I Have To Come To The Hearing?**
You are welcome to attend the Fairness Hearing, but you are not required to attend. If you send a written objection, you are not required to raise your objection in person. As long as your written objection was received on time, the Court will consider it. You may also obtain an attorney at your own expense to represent you personally at the Fairness Hearing, but it is not necessary. Class Counsel will answer any questions that the Court may have.

**16.     May I Speak At The Hearing?**
You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter of "Notice of Intention to Appear in *Porter v. Pipefitters*," stating that you will attend the Fairness Hearing and requesting the Court to allow you to speak. You must include your name, address, telephone number, and signature in the letter. Your Notice of Intention to Appear must be received no later than _____, 2020 at all three of the following addresses:

**CLERK OF THE COURT:**
United States District Court
for the Northern District of Illinois
219 S. Dearborn Street
20th Floor
Chicago, IL 60604

**CLASS COUNSEL:**
Jamie Franklin
The Franklin Law Firm, LLC
50 West Jackson Boulevard,
Suite 803
Chicago, IL 60603

**DEFENDANT'S COUNSEL:**
Tom H. Luetkemeyer
Aimee E. Delaney
Hinshaw & Culbertson, LLC
222 North LaSalle Street, Suite 300
Chicago, IL 60601

## IF YOU DO NOTHING

**17.     What Happens If I Do Nothing At All?**
If you do not submit a Claim Form, you will not receive a payment and will still be bound by the terms of this settlement. As a result, you will not be able to start a new lawsuit, continue with this

lawsuit, or be part of any other lawsuit against Local 597 <u>about the legal issues in this case</u> at any time in the future.

**Please be advised that this will be your only notice for purposes of the proposed settlement and you WILL NOT receive another notice.**

# GETTING MORE INFORMATION

## 18.   How Do I Get More Information?

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement.
You can get a copy of the Settlement Agreement by writing to Class Counsel at either of the
following addresses:

Jamie Franklin
The Franklin Law Firm, LLC
50 West Jackson Boulevard, Suite 803
Chicago, IL 60603
(312) 662-1008

Randall D. Schmidt
Edwin F. Mandel Legal Aid Clinic
6020 S. University Ave.
Chicago, IL 60637
(773) 702-9611

Adam Goodman
Wesley Johnson
Goodman Tovrov Hardy & Johnson, LLC
105 West Madison Street, 15th Floor
Chicago IL 60602
(312) 238-9592

For more information, you may also visit the www.thefranklinlawfirm.com/_____, where you
will find the Settlement Agreement, the Court's Order certifying the Class, the Amended
Complaint that Plaintiffs submitted, and the Notice to Class Members. You may also call or write
to Class Counsel with any questions regarding this class action.

### PLEASE DO NOT TELEPHONE THE CLERK OF THE COURT.

Dated: _____, 2020

CLERK, U.S. District Court
Northern District of Illinois

**Exhibit C**

# <u>CLAIM FORM</u>

**This Claim Form must be received by** <mark>              </mark> **in order to be considered.**

**Claims based on facts occurring before November 14, 2003, are not eligible for any monetary award under the Settlement in *Porter, et al. v. Pipefitters Local Union 597,* Case No. 12-cv-09844 (N.D.Ill.).**

**Please write clearly.**

## <u>SECTION A</u>

## <u>REQUIRED BACKGROUND INFORMATION</u>

*You **must** complete the following information in order for your Claim Form to be processed.*

1. _____
   Full Name – First Name, Middle Initial, Last Name

2. _____
   Street Address, including any apartment or box number

3. _____
   City, State, Zip Code

4. (_____)_____    5. (_____)_____
   Home Telephone                   Work/Day-time Telephone

6. (_____)_____    7. _____
   Cellular Telephone, if any       E-Mail Address

8. _____    9. _____
   Social Security Number           Date of Birth
                                    (Month/Day/Year)

10. Please list any previous names you have used, including any you may have used while a member of Local 597:

    _____

11. Are you African-American or Black?     Yes _____          No_____

12. Were you a member of Pipefitters Association Local Union 597 at any time between November 14, 2003 and the present date?

    Yes_____          No_____

**SECTION B**

**MEMBERSHIP WITH LOCAL 597**

13.     Please provide the date on which you became a member of Local 597: ___/___/____

14.     Were there any periods of time in which your membership in Local 597 lapsed because of nonpayment of dues?

Yes_____          No_____

If yes, please provide the dates when your membership lapsed because of nonpayment of dues:

_____

_____

_____

_____

_____

15.     Were there any periods during which you were suspended from local 597 for any reason other than failure to pay dues?

Yes_____          No_____

If yes, please provide the dates of and reasons for your suspensions:

_____

_____

_____

_____

_____

16.     Were there any extended periods of time during which you were a member of Local 597, but you were not working and were not looking for work? (For example, if you were sick and unable to work, or if you were caring for a family member and unable to work, or if you took a break from work for another reason.)

2

Yes_____          No_____

If yes, please provide the dates and reasons for your breaks from work:

_____

_____

_____

_____

_____

17.    Between November 14, 2003 and the present, did you ever seek employment through the Hiring Hall and/or the Referral Hall?

Yes_____          No_____

18.    Between November 14, 2003 and the present, did you ever received a job through a contractor direct hire?

Yes_____          No_____

19.    Between November 14, 2003 and the present, did you ever make a complaint about lack of employment opportunities with contractors through Local 597's hiring systems?

Yes_____          No_____

If yes, what was your complaint about, and how was it resolved?

_____

_____

_____

_____

_____

_____

18.     Between November 14, 2003 and the present, do you believe you have experienced discrimination in the hiring process due to your race?

Yes_____          No_____

If yes, please explain.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

19.     Have you accrued any pension points during your membership with Local 597?

Yes_____          No_____

20.     If so, how many? _____

21.     Are you currently a member of Local 597?

Yes_____          No_____

If no, when did your membership end, and why?

4

_____

_____

22.  Did you retire under Local 597's pension fund?

Yes_____          No_____

If so, what date did you retire? _____

What is your monthly pension amount? _____

**I AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS I HAVE STATED IN THIS CLAIM FORM ARE TRUE TO THE BEST OF MY KNOWLEDGE**

**I also consent and agree to allow the Claims Administrators and Class Counsel including its employees, full and complete access to any and all confidential personal information supplied on my Claim Form in connection with its investigation of the accuracy of the facts represented in this Claim Form.**

**I understand that I must keep First Class Inc. (address below) informed of my current address and of any change in my home address. If I do not do so, I understand that I may not receive any award that I might otherwise be entitled to receive.**

Dated: _____, 2020

_____
Signature of Claimant

_____
Printed Name of Claimant

**WHEN YOU HAVE COMPLETED THIS CLAIM FORM,
PUT IT IN THE PROVIDED ENVELOPE, PUT CORRECT POSTAGE ON IT,
AND MAIL IT BY NO LATER THAN _____, TO**

**FIRST CLASS INC.
Attention: Pipefitters Settlement Administrator
5410 W Roosevelt Rd Ste. 222
Chicago, IL 60644-1479**

# Exhibit D

## EXHIBIT D

## <u>RELEASE FOR CLASS MEMBERS</u>

      I,_____, for and in consideration of the sum of $_____ payable to me pursuant to the terms of the Order of Jurisdiction entered by the Court in *Porter v. Pipefitters Association Local Union 597*, No. 12-cv-09844 (N.D. Ill.), on behalf of myself, my heirs, assigns, executors, and agents, do hereby forever release, waive, remise, acquit, and discharge Pipefitters Association Local Union 597, and their current and former directors, officers, managers, agents, creditors, employees, attorneys, insurers, and for each of the foregoing, their respective parents, affiliates, subsidiaries, successors and assigns (collectively, the Released Entities), from any and all claims and causes of action of any kind, known or unknown, which I now have or ever have had under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq*.; the Civil Rights Act of 1966, Section 1981; and the Labor Management Relations Act, 28 U.S.C. § 185(a), and any other similar or related federal, state, or local employment discrimination or civil rights law, regulation, or ordinance arising from or related to the underlying facts and claims that were asserted in this case.

      By signing below, I also acknowledge that I have been given the opportunity to fully review this Release and Settlement Order and that I have been provided a minimum of twenty-one (21) days to review and deliberate whether to sign this Release and that such period was a reasonable time for deliberation.

      I also understand that I have the right to revoke this Release for a period of seven (7) days following the date that I sign this Release. Notice of revocation shall be in a signed writing and postmarked or delivered electronically no later than 5:00 p.m. of the 7th calendar day after the date on which I sign this Release. Notice of revocation must be sent to both Class Counsel and Tom Luetkemeyer, Hinshaw & Culbertson LLP, 151 N. Franklin St., Suite 2500, Chicago, IL 60606. By virtue of the fact that this case was a class action filed under federal law and certified under Rule 23, I understand that even if I revoke the Release, that I am bound by the Settlement Order.

      I acknowledge that I have been represented by Class Counsel and have had the opportunity to consult with my attorneys concerning this Release and the Settlement Order or I have chosen not to exercise my right to do so. I further acknowledge that if this Release is executed prior to the expiration of the twenty-one (21) day deliberation period, my execution was knowing and voluntary.

      I understand that by executing this Agreement, the Released Entities are not admitting any violation of my rights under statutory or common law. I also understand that this release is effective only so long as each of the payments due and owing under the Order are paid to me. Should any payment fail to be made, the release is null and void.

_____     _____
Signature                                   Date

# Exhibit E

## EXHIBIT E

## RELEASE FOR NAMED PLAINTIFFS

I, _____, a Named Plaintiff, on behalf of my heirs, legatees, and assigns, hereby release and discharge Local 597, and its past and present members, officers, representatives, employees, attorneys and agents (the "Released Parties") from any and all actions, claims, charges, complaints, demands, liens, liabilities, obligations, fees, or suits of any kind, whether known or unknown, whether or not such claim had been or could have been asserted in this Lawsuit, which I have or ever had, against the Released Parties, from the beginning of time through the date that I sign this Settlement Order. Without limiting the generality of the foregoing, this release includes: (i) any claims or allegations asserting wrongful termination, failure to hire, failure to assign, discrimination, harassment, statutory contract or common law claim, or retaliation under any federal, state and local law or ordinance based on any act or omission of the Released Parties; (ii) all claims for unpaid wages, pension credits or compensation of all categories and types, including for salary, regular hourly wage compensation, overtime hourly compensation, reimbursement of employment related expenses, penalties, prejudgment interest, post-judgment interest, exemplary or punitive damages, and any form of common law or statutory remedies; (iii) all claims under the National Labor Relations Act, as amended, Title VII of the Civil Rights Act of 1964 and Section 1981, the Age Discrimination in Employment Act, and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq.*; the Cook County Human Rights Ordinance, and any other federal, state, county or local statute, ordinance, regulation or order or any type under the common law or Constitution of any state, whether in tort, contract, equity, or otherwise. I further waive any right to any form of recovery, compensation, or other remedy in any action brought by them or their behalf against the Released Parties. For the avoidance of doubt, the Parties intend the release provided by me as a Named Plaintiff to be broadly construed as a complete and general release of any and all claims I as a Named Plaintiff have or may have had, as the Parties do not intend to leave unresolved any possible claim of the Named Plaintiffs against any of the Released Parties.

By signing below, I also acknowledge that I have been given the opportunity to fully review this Release and Settlement Order and that I have been provided a minimum of twenty-one (21) days to review and deliberate whether to sign this Release and that such period was a reasonable time for deliberation.

I also understand that I have the right to revoke this Release for a period of seven (7) days following the date that I sign this Release. Notice of revocation shall be in a signed writing and postmarked or delivered electronically no later than 5:00 p.m. of the 7th calendar day after the date on which I sign this Release. Notice of revocation must be sent to both Class Counsel and Tom Luetkemeyer, Hinshaw & Culbertson LLP, 151 N. Franklin St., Suite 2500, Chicago, IL 60606. By virtue of the fact that this case was a class action filed under federal law and certified under Rule 23, I understand that even if I revoke the Release, that I am bound by the Settlement Order.

I acknowledge that I have been represented by Class Counsel and have had the opportunity to consult with my attorneys concerning this Release and the Settlement Order or I

have chosen not to exercise my right to do so.  I further acknowledge that if this Release is executed prior to the expiration of the twenty-one (21) day deliberation period, my execution was knowing and voluntary.


_____   _____
Signature                                                                    Date

# Exhibit F

# Main Menu

There will be a main menu that provides the following options

1. Import Data
2. View and Query Raw Data
3. Exit

1. The import interface will allow the user to import a prepared csv/xlsx produced from the Union Fusion Software and from the Basys software

   Once the underlying data is imported, the ender user can select the options for viewing and querying Raw Data

2. View and Query Raw Data

   The end user will be able to filter down based on the following criteria:
   Work End Date (Date Range)
   Ethnicity (one or many)
   Company (one or many)

   Once the data is filtered and can be evaluated or sent to excel as is from the query interface. Additionally, end users will have the ability to generate reports. The initial reports requested by the court are shown on the subsequent pages listed here.

3. Exit the Application

## OWL by Ethnicity

Dates: From 04/01/2019 – 06/30/2019

|  | Currently On | Ave Days on List |
|---|---|---|
| Caucasian | 130 | 54 |
| African American | 105 | 45 |
| Hispanic | 58 | 62 |
| American Indian | 6 | 49 |
| Asian | 11 | 17 |



# Hours Worked by Direct Hire vs. Referral Hall Dispatch

Dates: From 04/01/2019 – 06/30/2019

|  | **Referral Hall** | | **Direct Hire** | |
|---|---|---|---|---|
|  | **Total Hours** | **Ave Hours** | **Total Hours** | **Ave Hours** |
| Caucasian | 72,555 | 401 | 84500 | 355 |
| African American | 43,959 | 399 | 38017 | 283 |
| Hispanic | 36,045 | 352 | 31551 | 277 |
| American Indian | 1055 | 325 | 1800 | 288 |
| Asian | 1802 | 378 | 1511 | 297 |





# Hours Worked by Direct Hire vs. Referral Hall Dispatch for ABC Mechanical

Dates: From 04/01/2019 – 06/30/2019

| | Referral Hall | | Direct Hire | |
|---|---|---|---|---|
| | **Total Hours** | **Ave Hours** | **Total Hours** | **Ave Hours** |
| Caucasian | 1700 | 401 | 1900 | 355 |
| African American | 1020 | 399 | 2100 | 283 |
| Hispanic | 845 | 352 | 1741 | 277 |
| American Indian | 670 | 325 | 901 | 288 |
| Asian | 720 | 378 | 855 | 297 |



